IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 3:19-cr-00364-ECM-WC |
| | ) | |
| NAYEF AMJAD QASHOU | ) | |

GOVERNMENT'S MOTION FOR DETENTION

Comes now the United States of America, by and through Louis V. Franklin, Sr., United States Attorney for the Middle District of Alabama, and pursuant to 18 U.S.C. § 3142(e) and (f) moves for detention of the above-captioned defendant.

1. Eligibility of Cases

    This case is eligible for a detention order because this case involves:

    _____ 10 + year crime of violence (18 U.S.C. § 3156)

    _____ 10 + year federal crime of terrorism (18 U.S.C. § 2332b(g)(5)(B))

    _____ Maximum sentence of life imprisonment or death

    _____ 10 + year drug offense

    _____ Felony, with at least two prior convictions in the above categories

    _____ Felony involving a minor victim

    _____ Felony involving possession or use of a firearm or other destructive device (as defined by 18 U.S.C. § 921) or any other dangerous weapon

    _____ Failure to register as a sex offender (18 U.S.C. § 2250)

    _____ Serious risk the defendant will flee

    \_\_X\_\_ Serious risk of obstruction of justice

2. Reason for Detention

The Court should detain defendant because there are no conditions of release which will reasonably assure:

   X          Defendant's appearance as required.  *See* Section 5 below.

   X          Safety of any other person and the community

3. Rebuttable Presumption

The United States will invoke the rebuttable presumption against defendant under Section 3142(e).

          Previous conviction for "eligible" offense committed while on pretrial bond, and a period of five years has not elapsed from defendant's conviction or release from imprisonment for the offense described

          Probable cause to believe defendant committed 10 + year drug offense or probable cause to believe that defendant committed a crime in which a firearm was used or carried under Section 924(c)

          Probable cause to believe defendant conspired to kill, kidnap, maim, or injure persons in a foreign country as prohibited under 18 U.S.C. § 956(a)

          Probable cause to believe defendant committed act of terrorism transcending national boundaries (18 U.S.C. § 2332) or a 10 + year federal crime of terrorism as defined in 18 U.S.C. § 2332b(g)(5)(B)

          Probable cause to believe defendant committed 10 + year offense involving a minor victim

4. Time for Detention Hearing

The United States requests the Court conduct the detention hearing:

          At the initial appearance

   X         After continuance of  2  days

5. Supplemental Legal Authority

The Defendant is subject to an ICE detainer and deportation. Accordingly, if released, the Defendant will not be available for trial. "The Government's interest in securing the appearance of the accused [at trial] is clearly and repeatedly imbedded in § 3142." *United States v. Lozano*,

No. 1:09-CR-158-WKW, 2009 WL 3834081 at 2 and 6 (M.D. Ala. Nov. 16, 2009) ("[Detention] protects the constitutional rights of the accused as well as the strong interest of the Government in reasonably assuring the appearance of [the defendant] as required, with the added benefit of giving full effect to the express language and known policies of all three congressional directives embodied in the statutes.").

Other courts have approved of *Lozano*'s holding as well. *United States v. Ramirez-Hernandez*, 910 F. Supp. 2d 1155, 1160 (N.D. Iowa 2012) ("Regardless of the reason that a defendant may fail to appear, whether by his own volition or by way of a removal order, I am primarily concerned with whether there are any conditions or combination of conditions that can reasonably assure the defendants' appearance as required. Because it is undisputed that each defendant is subject to an administrative removal order, the, answer, I believe, is clearly 'no.'"); *United States v. John Dennis Tan Ong*, 762 F. Supp. 2d 1353, 1363 (N.D. Ga. 2010) (Holding that *Lozano*'s conclusion regarding appearance for trial is more persuasive than those reached in other cases).

The Government also requests leave of court to file a supplemental motion with additional grounds or presumption for detention should this be necessary.

Respectfully submitted this the 18th day of September, 2019.

LOUIS V. FRANKLIN, SR.,<br>
UNITED STATES ATTORNEY<br>
<br>
/s/ Robert K. Nichols, III<br>
ROBERT K. NICHOLS, III<br>
Assistant United States Attorney<br>
131 Clayton Street<br>
Montgomery, Alabama 36104<br>
Tel: (334) 223-7280<br>
Fax: (334) 223-7135<br>
Email: Robert.Nichols2@usdoj.gov