IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 3:19-cr-00364-ECM-WC |
| | ) | |
| NAYEF AMJAD QASHOU | ) | |

## PLEA AGREEMENT

### I. BACKGROUND INFORMATION

**A. Attorneys**

Defense Attorney: Stephen P. Ganter, Sandi Yoshiko Irwin

Assistant United States Attorney: Robert K. Nichols, III, Joshua J. Wendell, Brett J. Talley

**B. Count[s] and Statute[s] Charged**

Count 1: 18 U.S.C. § 1001(a)(2) – False Statement to a Federal Agency

Count 2: 18 U.S.C. § 1519 – Destruction, Alteration, or Falsification of Records in Federal Investigations

**C. Count Pleading Pursuant to Plea Agreement**

Count 1: 18 U.S.C. § 1001(a)(2) – False Statement to a Federal Agency

**D. Statutory Penalties**

Count 1: 18 U.S.C. § 1001(a)(2) – False Statement to a Federal Agency

A term of imprisonment of not more than 8 years, a fine of not more than $250,000.00 or twice the value of the property involved in the transaction, whichever is greater, or both the fine and imprisonment; a term of supervised release of not more than 3 years; an assessment fee of $100; and an order of restitution.

**E. Elements of the Offense**

Count 1: 18 U.S.C. § 1001(a)(2):

First: The defendant made the statement as charged;

Second: The statement was false;

| | |
|---|---|
| Third: | The falsity concerned a material matter; |
| Fourth: | The defendant acted willfully, knowing that the statement was false; |
| Fifth: | The false statement was made or used for a matter within the jurisdiction of a department or agency of the United States; and |
| Sixth: | The false statement involved international terrorism. |

## II. INTRODUCTION

Joshua J. Wendell, Assistant United States Attorney, and Stephen P. Ganter, attorney for the defendant, Nayef Amjad Qashou, pursuant to Rule 11(c)(1)(A) and Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, with the authorization of the defendant, submit this plea agreement. The terms are as follows.

## III. THE GOVERNMENT'S PROVISIONS

1. Pursuant to Rule 11(c)(1)(C), the defendant having been removed to the custody of the Bureau of Prisons for the purposes of evaluation in order to determine his competency and mental condition, in accordance with 18 U.S.C. § 4244, and the defendant having been deemed competent, the Government agrees to recommend that a sentence of imprisonment of time served, with a maximum period of supervised release to include mental health treatment as prescribed by a competent mental health provider, and in consultation with the probation office, is the appropriate disposition of the case upon defendant's guilty plea to Count 1. The Government will withdraw its motion to detain upon the defendant's plea of guilt.

2. The government acknowledges that the defendant assisted authorities in the investigation and prosecution of the defendant's own misconduct by timely notifying the government of the defendant's intention to enter a guilty plea, thereby permitting the government

2

to avoid preparing for trial and allowing the government and the Court to allocate resources efficiently. Provided the defendant otherwise qualifies, and that the defendant does not, before the date of the sentencing hearing, either personally or through the actions of the defense attorney on behalf of the defendant, take any action inconsistent the acceptance of responsibility, the government will move at or before the sentencing hearing for a further reduction of one level. See U.S.S.G. § 3E1.1(b). Determination of whether the defendant met the defendant's obligations to qualify for a reduction pursuant to § 3E1.1(b) is at the sole discretion of the government. Further, the government reserves the right to oppose the defendant's receiving a two-level reduction pursuant to § 3E1.1(a) should the government receive information indicating that, between the date of the plea hearing and the date of the sentencing hearing, the defendant, either personally or through the actions of the defense attorney on behalf of the defendant, has acted inconsistent with the acceptance of responsibility.

3. The government reserves the right to argue for or against the application of any other specific offense characteristic or Chapter 3 adjustment. Additionally, the government reserves the right to provide information to the United States Probation Office (Probation) regarding the defendant's criminal history. This agreement does not obligate the government to make any recommendation regarding the defendant's criminal history score or resulting criminal history category.

4. Pursuant to Rule 11(c)(1)(A), the government agrees that it will, at the sentencing hearing, move to dismiss Count 2. The government further agrees that it will not bring any additional charges against the defendant for the conduct described in the indictment.

### IV. THE DEFENDANT'S PROVISIONS

5. The defendant agrees to plead guilty to Count 1 and to make factual admissions of guilt in open court. The defendant further agrees to waive any right the defendant may have to subsequently withdraw the guilty plea pursuant to Rule 11(d). The defendant also promises to refrain from taking any action inconsistent with the defendant's acceptance of responsibility for the offense to which the defendant is pleading guilty.

6. The defendant agrees to waive any detention hearing held pursuant to 18 U.S.C. § 3142. The defendant agrees to a sentence of imprisonment of time served and to a maximum period of supervised release, which will include mental health treatment as prescribed by a competent mental health provider, in consultation with the probation office. The defendant agrees to waive and hereby waives any right to request a downward variant sentence, that is, a sentence below the bottom, that is, the lowest number, on the advisory Guidelines range.

7. The defendant understands that the defendant will be permitted to withdraw the guilty plea in the event that the Court does not accept any or all of the recommendations made pursuant to Rule 11(c)(1)(C). The defendant also understands that the defendant will be allowed to withdraw the guilty plea in the event that the Court does not accept any or all of the provisions set forth pursuant to Rule 11(c)(1)(A).

8. The defendant agrees not to commit any other federal, state, or local offense while awaiting sentencing, regardless of whether that offense is charged or chargeable. The defendant agrees to provide truthful information to Probation and to the Court in all presentence and sentencing proceedings.

9. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of the Court. The defendant acknowledges that the full fine and restitution amounts shall be

considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of Probation at any time, the defendant agrees that the United States Bureau of Prisons and Probation will have the authority to establish payment schedules to ensure payment of the fine and restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off from federal payments, execution on non-exempt property, and any other means the government deems appropriate. The defendant also agrees that the defendant may be contacted by government officials regarding the collection of any financial obligation imposed by the Court without notifying the defendant's attorney and outside the presence of the defendant's attorney.

10. To facilitate the collection of financial obligations imposed in this case, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Further, the defendant will, if requested by the government, promptly submit a completed financial statement to the Office of the United States Attorney for the Middle District of Alabama in a form the government provides and as the government directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful. The defendant expressly authorizes the government to obtain a report on the defendant's credit in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

11. The defendant certifies that the defendant has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by this agreement or that may be imposed upon the defendant by the Court. In addition, the defendant promises that the defendant will make no such transfers in the future.

12. The defendant agrees to pay the $100 assessment fee on the date of sentencing.

13. The defendant agrees to waive and hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, but not limited to, any records that may be sought under the Freedom of Information Act, see 5 U.S.C. § 552, or the Privacy Act of 1974, see 5 U.S.C. § 552a.

14. The defendant agrees to forfeiture of all property seized to law enforcement for law enforcement purposes only, and waives any right to appeal or collaterally attack any said forfeiture filed by the government.

## V. FACTUAL BASIS

15. The defendant admits the allegations charged in the indictment and understands that the nature of the charges to which the plea is offered involves proof as to Count 1. Specifically, the defendant admits the following to be true and correct:

    a. On or about September 26, 2018, while knowingly under investigation for material support to terrorism, the defendant was interviewed by agents and task force officers of the Federal Bureau of Investigation. During the interview the defendant admitted to compiling and distributing "educational" videos relating to Islam. However, he only admitted to agents that he compiled some 37 videos and he misrepresented the nature and content of the videos in that he did not admit to the videos containing ISIS (Islamic State) propaganda.

    b. On or about September 26, 2017 the defendant followed up the earlier interview with an email wherein he listed the 37 videos he falsely told agents were the only videos he had compiled and distributed to other individuals.

  c. During the course of the investigation, agents and task force officers with the Federal Bureau of Investigation discovered that Qashou, in fact, distributed some 115 videos to other individuals, and that the videos consisted of ISIS (Islamic State) propaganda materials. The defendant did not admit to the number of videos nor the fact that the videos contained ISIS (Islamic State) propaganda when he discussed and emailed about the matter with agents. In fact, Qashou knowingly lied about the number and content of the videos, as he later admitted, in order to protect individuals depicted in them and to impede the investigation into his actions.

  d. ISIS (The Islamic State) was, at the time of the false statements, and is currently, listed as a Foreign Terrorist Organization by the United States.

  e. The defendant made the false statements while located within the Middle District of Alabama.

## VI. THE DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK

16. Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the conviction or sentence. The defendant further expressly waives the right to attack the conviction or sentence in any post-conviction proceeding, including proceedings pursuant to 28 U.S.C. § 2255. Exempt from this waiver is the right to appeal or collaterally attack the conviction or sentence on the grounds of ineffective assistance of counsel or prosecutorial misconduct.

17. In return for the above waiver by the defendant, the government does not waive its right to appeal any matter related to this case, as set forth at 18 U.S.C. § 3742(b). However, if the government decides to exercise its right to appeal, the defendant is released from the appeal waiver

and may pursue any appeal pursuant to 18 U.S.C. § 3742(a).

## VII. BREACH OF THE PLEA AGREEMENT

18. The parties agree that the issue of whether either party has breached this agreement at any time is one that will be resolved by the Court by a preponderance of the evidence, except as set forth in paragraph 18. The parties agree that, should either party obtain information causing the party to develop a good faith belief that the other party has breached this agreement, then the party will promptly file a written motion—or make an oral motion if doing so would be more expedient—asking that the Court declare the other party to be in breach of the plea agreement.

19. The parties agree that, a breach of the plea agreement by the defendant would include, but not be limited to: (1) failing to fulfill each of the defendant's obligations under this plea agreement; (2) committing new criminal conduct; or (3) seeking to withdraw the guilty plea or otherwise engaging in conduct inconsistent with an acceptance of responsibility. Should the Court find the defendant to have breached this agreement: (1) the government will be free from its obligations under this agreement; (2) the defendant will not be permitted to withdraw the guilty plea; (3) the defendant's obligations and waivers under this agreement will remain in full force and effect; (4) the defendant will be subject to prosecution for other crimes; and (5) the government will be free to use against the defendant, directly and indirectly, in any criminal or civil proceeding, all statements by the defendant and any information or materials provided by the defendant, including statements made during the plea hearing and all statements made by the defendant pursuant to proffer letters.

20. The parties agree that, in the event that the defendant breaches this agreement by committing new criminal conduct, the government will be required to only establish probable

cause to believe that the defendant committed a new criminal offense for the Court to find the defendant in breach of the plea agreement.

21.  The parties agree that, should the Court find the government in breach of this plea agreement, the defendant may cancel this agreement and thus be released from the appellate and collateral attack waivers.  The parties further agree that a breach of the plea agreement by the government will not automatically entitle the defendant to withdraw the guilty plea and, if the defendant should seek to withdraw the guilty plea on the basis of such a breach, then the defendant will be required to file a motion pursuant to Rule 11(d).

## VIII. THE DEFENDANT'S ACKNOWLEDGEMENTS

22.  The defendant understands that the Court is neither a party to nor bound by this agreement.  The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the Court will determine the advisory Guidelines range and the sentence.  The defendant acknowledges that the defendant and the defendant's attorney have discussed the advisory Guidelines and the statutory sentencing factors set forth at 18 U.S.C. § 3553(a) and the defendant understands how those provisions may apply in this case.  The defendant further understands that the defendant will have no right to withdraw a guilty plea on the basis that the Court calculates an advisory Guidelines range that differs from the range projected by the defense attorney or the government.

23.  The defendant acknowledges that the defendant authorized and consented to the negotiations between the government and the attorney for the defendant that led to this agreement.

24.  The defendant understands that: (1) in pleading guilty, the defendant may be required to make statements under oath; and (2) the government has a right to use against the

defendant, in a prosecution for perjury or for making a false statement, any statement that the defendant makes. However, as the defendant understands, the government may not use as evidence against the defendant in any future proceeding involving the charges alleged in the indictment or related offenses, the defendant's guilty plea if the Court permits the defendant to withdraw that guilty plea.

25. The defendant understands that if the defendant pleads guilty pursuant to this agreement and the Court accepts that guilty plea, the defendant will waive certain rights, namely: (1) the right to plead not guilty or to persist in a plea of not guilty; (2) the right to a jury trial; (3) the right to be represented by counsel—and if necessary to have the Court appoint counsel—at trial and at every other stage of the proceeding; and (4) the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

26. The defendant understands: (1) the nature of each charge to which the defendant is pleading guilty; (2) the maximum and minimum penalties associated with each charge to which the defendant is pleading guilty, including imprisonment, fine, and a term of supervised release; (3) any applicable mandatory minimum penalty associated with a charge to which the defendant is pleading guilty; (4) any applicable forfeiture provision applicable to a charge to which the defendant is pleading guilty; (5) the Court's authority to order restitution; and (6) the Court's obligation to impose a special assessment.

27. The defendant confirms that the entirety of any agreement between the defendant and the government is as set forth in this agreement and any addendum to this agreement and that the government has not made any promises to the defendant other than those contained in this

agreement and any addendum to this agreement. This agreement consists of 12 pages and 32 paragraphs, and an addendum.

28. The defendant confirms that counsel has competently and effectively represented the defendant throughout the proceedings leading to the entry of a guilty plea. The defendant is satisfied with such representation.

29. The defendant enters this plea agreement and pleads guilty freely and voluntarily. That is, the defendant acts without being influenced by any threats, force, intimidation, or coercion of any kind.

30. The defendant understands that this agreement binds only the Office of the United States Attorney for the Middle District of Alabama and that the agreement does not bind any other component of the United States Department of Justice, nor does it bind any state or local prosecuting authority.

## IX. THE ATTORNEYS' ACKNOWLEDGEMENTS

31. The attorneys for the government and for the defendant acknowledge that this plea agreement contains the entirety of any agreement between the parties and that the parties reached this plea agreement in accordance with the procedure set forth at Rule 11.

32. The attorney for the defendant confirms that the attorney for the defendant advised the defendant of: (1) the nature of the charges to which the defendant is pleading guilty; (2) the penalties associated with those charges; (3) the rights that the defendant is waiving by pleading guilty; and (4) the possibility that statements made by the defendant under oath during a plea hearing may be used against the defendant in a subsequent prosecution for perjury or for making a false statement.

This \_\_11th\_\_ day of \_\_Feb\_\_, 2020.

Respectfully submitted,

LOUIS V. FRANKLIN, SR.
UNITED STATES ATTORNEY

_____
Verne H. Speirs
Criminal Chief

_____
Joshua J. Wendell
Assistant United States Attorney

_____
Nayef Amjad Qashou
Defendant

_____
Stephen P. Ganter
Attorney for the Defendant