IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIM. CASE NO. 3:19-cr-364-ECM |
| | ) |
| NAYEF AMJAD QASHOU | ) |

**MEMORANDUM OPINION and ORDER**

On June 30, 2020, at the sentencing hearing, the Court rejected a binding plea agreement. Accordingly, it is

ORDERED as follows:

1. The trial of this case is set during the trial term commencing on **November 2, 2020**, **at 10:00 a.m., in Opelika, Alabama,** before **Chief United States District Judge Emily C. Marks**.

In setting this case for trial on the term indicated above, the Court is constrained by the requirements of the Speedy Trial Act. 18 U.S.C. § 3161. Under the act, the trial of a defendant must commence within 70 days of the date of "the date the order permitting withdrawal of the plea becomes final." 18 U.S.C. § 3161(i). The Court permitted the Defendant to withdraw his plea after rejecting the plea agreement.

In determining whether a case should be set after the expiration of the 70-day period, a court must consider among other factors whether the ends of justice would be served by delaying trial or whether a delay "would be likely to . . . result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(A) and (B). The Court also must consider "[w]hether the case is so unusual or so complex . . . that it is unreasonable to expect adequate preparation for . . . the trial itself within the time limits established" by the act. 18 U.S.C. § 3161(7)(b)(ii).

The Court also considers whether, without a delay, counsel for the Defendant or the government have "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

In open court, the parties requested additional time to adequately prepare for trial due to the nature of this case. In addition, due to the national emergency declared by the President as the result of the outbreak of Coronavirus Disease 2019 (COVID-19), and the stay in place order issued by the Governor of the State of Alabama, it is unreasonable for the parties to be able to prepare for trial in the time allotted by the Act. Based on the nature of this case, the parties' need for adequate time for trial preparation in light of the current restrictions imposed by COVID-19, the Court finds that the ends of justice served by setting this trial on this trial term outweigh the best interest of the public and Qashou in a speedy trial.

2. There are no motions currently pending.

3. Proposed voir dire questions shall be filed no later than **October 19, 2020.** Counsel should not include questions seeking information which is provided in the jury questionnaire.

4. All motions in limine shall be filed no later than **October 19, 2020**. Motions in limine must be accompanied by a brief. Failure to file a brief will result in denial of the motion. Responses to motions shall be filed no later than **October 27, 2020.**

5. Proposed jury instructions shall be filed no later than **October 19, 2020.**

6. **Each party shall have available at the time of trial, for use by the court and opposing counsel, four copies of the exhibit list and four copies of each photostatically reproducible exhibit listed.**

7. The court will not consider a plea pursuant to Rule 11(c)(1)(A) or (C) unless notice is filed on or before noon on **October 14, 2020**. The government and defendant are informed that if a defendant waits until the last minute to enter a plea, and if that plea, for whatever reason, is not accepted by the court, the defendant and the government will be expected to be prepared to go to trial on **November 2, 2020**. The court will not continue the trial of this case as to any defendant because a defendant's plea was not accepted.

8. The United States Magistrate Judge shall conduct a pretrial conference prior to the November trial term.

9. The Defendant is released on the same conditions already imposed by the Court on February 11, 2020.

Done this 30th day of June, 2020.

/s/Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE